[No. 1884.]

## ANTONIO HERNANDEZ *v.* THE STATE.

1. THEFT.— To constitute theft, the taking of the property must, in the first instance, have been fraudulent; and if the possession be obtained lawfully, no subsequent appropriation, however fraudulent the intent, will suffice to constitute the taking theft, unless such lawful possession was obtained by means of a false pretext, or with the fraudulent intent, at the very time of the taking, to deprive the owner of the value of the property, and to appropriate the same to the use or benefit of the taker.

2. SAME — BURDEN OF PROOF.— If it be sought to convict of theft one who lawfully obtained possession of the alleged stolen property, it devolves upon the State to show affirmatively, in addition to the subsequent appropriation of the property, that the possession was obtained by a false pretext, or by a then present intention on the part of the taker to deprive the owner of the

value of the property and to appropriate the same to his own use. To establish the first ground, it would devolve upon the State to prove beyond a reasonable doubt, first, that the lawful possession was acquired by means of a pretext, and, second, that the pretext was false; and to establish the second ground, the State would be required to prove the existence of the intent to appropriate the property, at the very time the possession was lawfully obtained. In either case, as already stated, an actual appropriation must also be established.

3. Same — Evidence.— The mere fact that, subsequent to his lawful acquisition of the property, the taker appropriated it to his own use and benefit, does not by inference establish the falsity of the pretext upon which he acquired possession, or that at the time he obtained the possession it was his intention to appropriate the property to his own use. But the lapse of time before the appropriation may be an important consideration.

4. Same — New Trial.— Note the opinion for a state of proof in a theft case which entitled the defendant to a new trial, in view of the fact that the evidence fails to establish the *animus furandi* in the acquisition of the property, at the time it was acquired.

Appeal from the District Court of Bexar. Tried below before the Hon. G. H. Noonan.

The conviction in this case was for the theft of a horse, the property of Epitacio Lujan, in Bexar county, Texas, on the 10th day of September, 1885. The penalty assessed against the appellant was a term of five years in the penitentiary.

The opinion sufficiently discloses the case.

No brief for the appellant has reached the Reporters.

*J. H. Burts*, Assistant Attorney-General, for the State.

Hurt, Judge. This appeal is taken from a judgment of the district court of Bexar county, convicting the appellant of theft of a horse, the property of one Epitacio Lujan, the punishment assessed by the jury being imprisonment in the penitentiary for five years.

It appears that appellant hired the animal in question from the prosecuting witness, Lujan, who lives some distance from San Antonio, for the purpose, as he stated at the time of the hiring, of riding it to San Antonio to mail some letters. The horse was to be returned to Lujan by noon of the next day. The appellant did not return the horse, but sold him in San Antonio, and the only question in the case is as to the fraudulent intent.

At the time of the hiring, Lujan and Hernandez had known each other for about four months. They had worked together for the same person, and Lujan had in his possession, for the purpose of

breaking, a young four-year-old horse belonging to defendant. This horse the defendant did not use because he could not ride him. Three days after the hiring, Lujan found his horse in the possession of one Nichols, a merchant in San Antonio, who had purchased it from defendant, paying therefor the sum of $13, and taking a bill of sale from defendant.

This is substantially the evidence in behalf of the State tending to establish a fraudulent intent.

On the other hand, it appears that the defendant did go to San Antonio and there mail some letters; that on the next day he commenced drinking; that he was drinking so much that he was locked up by a saloon-keeper to prevent his being arrested; that he was drunk, or at least under the influence of liquor, at the time he sold the horse; that he told the purchaser where he had brought the horse from, and gave as references on the bill of sale one Antonio Cadena, who owned a ranche just beyond that on which the prosecutor Lujan lived on the San Antonio river, and one Villenueva, who owned the saloon at which he had been drinking; that there was no effort on his part to conceal his identity, and that he was well known to the persons whom he gave as references, having worked for Cadena for some time.

The evidence as to the value of the horse charged to have been stolen is conflicting, the owner testifying that it was worth $45, and a witness for the defense saying that it was very old and worth only three or four dollars. It was sold to the merchant Nichols, as we have seen, for $13. The value of the horse owned by defendant and left with Lujan is not fixed by any witness, but from its description it may be inferred that it was of value equal to the one he hired. Besides, it was shown that the defendant was a hardworking man, a painter by trade, and of good repute as to honesty.

The exact time when appellant sold the horse is not shown by the record, but from the surrounding circumstances we may infer that the sale was on the second or third day after the acquisition of the horse.

To constitute theft the *taking* must be wrongful — fraudulent; so, if the property came into the possession of the accused lawfully, the subsequent appropriation of the same is not theft. Nor will the subsequent appropriation, though with fraudulent intent to deprive the owner of the value thereof, and to appropriate it to the use or benefit of the taker, constitute theft. The *taking* must be obtained either by some false pretext, or with intent, at the time of the taking, to deprive the owner of the value thereof. We are discussing

the taking of the property, and not the subsequent appropriation thereof.

The taking, as in this case, being lawful because of the consent of the owner, to constitute theft the taker must have obtained possession by some false pretext, or must, at the time he obtained possession, have intended to deprive the owner of its value, etc. Of course a subsequent actual appropriation of the property is required.

As the possession was obtained lawfully, to convict it is absolutely essential to prove that the defendant used some false pretext to acquire possession; or that, at the time of the *taking*, he intended to deprive the owner of the value thereof, etc.

In this case it is not pretended that the pretext resorted to by defendant was false; hence, to convict it must be shown that defendant, when he obtained possession of the horse, intended to deprive the owner of its value, etc. This is an affirmative proposition, the proof of which rests upon the State, and which must be established beyond a reasonable doubt. If the State relies upon a false pretext, it is her burden, first, to show that such pretext was used and the possession thereby acquired; second, that said pretext was false. If upon the second ground, to wit, that defendant intended at the time of the taking to deprive the owner of the value of the property, etc., this must be proved by the State; and whether she relies upon the first or second ground, or both, these are affirmative propositions to be established by the prosecution beyond a reasonable doubt.

We have seen that when the taking is lawful, to convict it is essential, absolutely so, for the prosecution to prove beyond a reasonable doubt that defendant used or resorted to some *false pretext* by which he obtained possession of the property, or that, at the time of the taking of the property, he intended to deprive the owner of its value, etc. The establishment of one of these propositions is absolutely required in order to a legal conviction. But it must not be assumed that the case is proved by the proof of either or both of the above propositions. An actual appropriation of the property by defendant is also necessary to complete the offense of theft, in all cases in which the taking was originally lawful. This being the case, will we be permitted to infer that the pretext was false, or that the defendant was actuated by a fraudulent intent at the time of the taking, from his subsequent *appropriation* of the property? Not so; for the appropriation is as necessary an element, the taking being lawful, as the false pretext or *animus furandi*.

Now it may be true under a certain state of facts that the *time*

of the appropriation may be looked to as a circumstance tending to elucidate the intention of the party at the time of the taking.   Let us suppose that immediately or in a very short time after the taking the defendant appropriated the property,— this would very strongly tend to prove the pretext false, or the original intent to defraud the owner.   But in this case, the case in hand, the sale was from two to three days after the *taking.*   Certainly, therefore, under these facts we should not infer the fraudulent intent, or that the pretext was false, from the fact of appropriation.

What other fact or circumstance is there in this record, save the appropriation, which tends in the slightest manner to prove that the pretext was false, or that defendant was actuated by a fraudulent intent at the time of the taking?   We have given the statement of facts a most searching examination, and must say that if there be such evidence we have failed to discover the same.   (See this question ably and exhaustively discussed by Presiding Judge White, in *Morrison* v. *The State*, 17 Texas Ct. App., 34.)

Notwithstanding the fact that the learned trial judge gave to the jury a most admirable and learned charge upon the subject discussed above, still we think a new trial should have been awarded because the evidence fails to establish that the pretext was false or that defendant intended a fraud at the time he obtained possession of the horse.

The judgment is reversed and the cause remanded for another trial.

*Reversed and remanded.*